[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTIONS
In the instant case, the plaintiff brought a four-count writ against numerous defendants. The plaintiff made allegations under both the state and federal constitutions as well as allegations under 28 U.S.C. § 1983, where claims may be pursued in either the state or federal courts.
After the pleadings were closed, the defendants filed a motion which purports to be an alternative motion, presenting this court with a motion to dismiss, a motion to strike, and motion for permission to file a summary judgment, and a motion for summary judgment.
The defendants' motions are all designed to attack me plaintiff's count which seeks to establish a cause of action for damages in this case for violation of state constitutional rights to due process guaranteed by Article § 8 of the state constitution. Such a cause of action can arguably be based upon either of two claims: (1) that Connecticut common law provided for recovery for injuries that were substantially similar to state due process injuries and therefore Article First § 10 of the constitution ensures the continued availability of such recovery; or (2) that the reasoning in Bivens v. Six UnknownNamed Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), applies with equal force in the state constitutional context as in the federal constitutional context.
This court is uncertain about the propriety of the defendants CT Page 5163-VVVV filing of a single motion which claims in the alternative to be a motion to dismiss, a motion to strike, and a motion for summary judgment. However, the court acknowledges that the defendants in fact are using the multi-titled motion to raise the issue of the existence of a remedy for violation of state constitutional rights to due process. Further the court recognizes that unless this case can be distinguished, it is controlled by KellyProducts Development, Inc. v. Lebanon, 226 Conn. 314 (1993).
A motion to dismiss, pursuant to § 142, et seq. of the Practice Book, is used to test this court's jurisdiction. While this court reads Kelly to raise serious questions about the existence of a remedy for violation of state due process, the court finds nothing in Kelly which would call into question the court's jurisdiction. Accordingly, the motion to dismiss is denied.
Since the defendants' essential claim in this matter is that there is no cause of action for the denial of due process under the state constitution, the court sees no meaningful difference between the defendants' motion to strike pursuant to § 152 of the Practice Book and the defendants' motion for summary judgment pursuant to § 379 of the Practice Book. There have been no affidavits filed and this is not a case where the court is concerned with whether or not facts are in dispute. Accordingly, although the court recognizes that Kelly arose in the procedural context of a summary judgment, it appears immaterial whether this court rules on a summary judgment or rules on a motion to strike. The court denies the request for permission to file a summary judgment and consequently will deny the summary judgment. The court chooses to rule on the matter by treating the three-part motion of the defendants as a motion to strike pursuant to § 152 of the Practice Book.
The court does grant the motion to strike the state constitutional due process claim. The court grants the motion for the reasons fully set forth in the majority opinion in Kelly. InKelly the majority of the Supreme Court concluded that Article First § 10 of the state constitution did not ensure the continued existence of a remedy under the facts of this case. The majority, likewise, concluded that the court should not infer the existence of a cause of action for damages from the existence of the state constitutional due process provision for reasons of policy similar to those articulated in Bivens.
CT Page 5163-WWWW
While our Supreme Court in Kelly appears to acknowledge that there may be a fact pattern that would lead it to create a Bivens
remedy, the Court held that such a remedy would require a Bivens
plaintiff to establish that he or she would lack any remedy for alleged constitutional injuries if a damage remedy were not created. In the instance case, the plaintiff clearly has three counts remaining after the court strikes the state due process claim.
At the conclusion of the majority opinion in Kelly, the Supreme Court wrote:
 "We note, finally, that the very considerations to which Kelly points as justification for judicial creation of a state Bivens action point to the advisability of judicial restraint. Kelly suggests that his due process rights were violated because the defendants denied zoning application, not in the exercise of their administrative discretion, but as a result of improper motivation, political or otherwise. To the extent, however, that the dispute between Kelly and the defendants is a political one stemming from differences in their visions of the future of Lebanon, it is preferably that such a dispute should be resolved not by litigation but within designated political channels; zoning commissions, town boards and other local political institutions. [citations omitted] Accordingly we conclude that judicial creation of a supplemental damages remedy in this case would be inappropriate.
It appears to the court that the Supreme Court's concluding paragraph in Kelly is equally applicable to Thomas. In conclusion, the motion to dismiss is denied because the court does not lack jurisdiction. The motion to strike is granted. Because the motion to strike is granted, the court denies the motion for permission to file summary judgment or summary judgment itself.
THE COURT:
KEVIN E. BOOTH, JUDGE CT Page 5163-XXXX